```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

VINCENT MARK CASTILLO                          CIVIL ACTION

VERSUS                                         NO: 07-3386

KATHLEEN BABINEAUX BLANCO,                     SECTION: J(2)
ET AL
```

## ORDER AND REASONS

Before the Court is Defendants, the City of Kenner and its former Chief of Police, Nick A. Congemi's ("Kenner Defendants") **Motion for Attorneys' Fees (Rec. Doc. 38)** and **Motion for Sanctions (Rec. Doc. 39)**.

Local Rule 7.5E of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed **and** a copy be delivered to chambers eight days prior to the date set for hearing of the motion. No memorandum in opposition to the Kenner Defendants' Motion for Attorneys' Fees (Rec. Doc. 38) or Motion for Sanctions (Rec. Doc. 39), set for hearing on December 26, 2007 was submitted timely. Accordingly, these motions are deemed to be unopposed.

Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth

below, that sanctions should be awarded against Plaintiff.

## Background Facts

On June 28, 2007, Vincent Mark Castillo ("Castillo") filed suit under 28 U.S.C. 1983 (along with pendant state law claims) against Governor Kathleen Babineaux Blanco, the State of Louisiana, Genie C. Powers, the Department of Parole, State of Louisiana, Lisa Cassera, Sheriff Harry Lee, the Jefferson Parish Sheriff's Office, Nick Congemi, City of Kenner, and Wal-Mart Louisiana, LLC.  Castillo alleged that certain Defendants unlawfully detained him in Wal-Mart, based on allegations that he had stolen an automotive battery, and conducted an unlawful search and seizure of his person.

Castillo, who has filed numerous other cases in federal court in Louisiana, initially filed *in forma pauperis*, but his pauper status was revoked on September 26, 2007 as a result of the Kenner Defendants' Motion to Rescind Court's Prior Order Granting Plaintiff's Pauper Status (Rec. Doc. 8), alleging that Castillo is not currently and was not at the time he filed his affidavit, entitled to claim pauper status.

Following an investigation of Castillo's assets, Defendants discovered that Castillo owned and still owns a considerable amount of valuable property that he hid from the Court. Additionally, Defendants asserted that Castillo has sources of income that he failed to reveal in his affidavit requesting pauper status.  As a result of this evidence, along with the fact that Castillo failed to oppose this motion, Judge Wilkinson

2

granted Defendants' motion to rescind Castillo's pauper status (Rec. Doc. 12).

Castillo then filed a Motion for Leave to file an Amended Petition and Pauper Application (Rec. Doc. 23). He submitted a second pauper application and documentation of his alleged poverty. Judge Wilkinson denied Castillo's motion, indicating that the materials were received after the motion to vacate was granted and were therefore submitted untimely (Rec. Doc. 24). Furthermore, nothing contained in Castillo's motion altered Judge Wilkinson's previous ruling vacating Castillo's pauper status.

Then, on October 10, 2007, instead of paying the filing fee, Castillo filed an Opposition to and Appeal of Magistrate's Revocation of Plaintiff's Pauper Status (Rec. Doc. 32). In his motion, Castillo sought to appeal the Magistrate's revocation of his pauper status. He offered yet another pauper application and documentation of his poverty, in fact, the same documentation submitted with his Motion for Leave to file an Amended Petition and Pauper Application, which was denied by Judge Wilkinson. This Court denied Castillo's Appeal, upholding Judge Wilkinson's Order revoking Castillo's pauper status (Rec. Doc. 31).

Soon thereafter, Defendants Governor Kathleen Babineaux Blanco, the State of Louisiana, Genie C. Powers, the Department of Parole, State of Louisiana, and Lisa Cassera filed a Motion to Dismiss as (1) Frivolous, (2) For Lack of Subject Matter Jurisdiction, (3) For Failure to State a Claim for Which Relief Can Be Granted (Rec. Doc. 29). Similarly, the Kenner Defendants

filed a Motion to Dismiss Plaintiff's Claim and/or for Summary Judgment (Rec. Doc. 35).[1]  This Court granted both motions based upon the fact that Castillo's claims, if any, against these defendants had clearly prescribed (Rec. Doc. 36).  In that same Order, this Court dismissed all claims that Castillo had against any remaining Defendants arising out of the incident in question as clearly prescribed.

### The Parties' Arguments

According to Defendants, Castillo has filed numerous *pro se* lawsuits over the last seven years, each of which were dismissed because the claims were frivolous or because Castillo's pleadings failed to state a cause of action.  Additionally, the multitude of lawsuits brought by Castillo have been brought against either federal, state, or municipal public officials whose only "wrong-doing" was to perform their jobs in a manner not to Castillo's liking.  The defense of these frivolous claims requires the expenditure of public funds.

Furthermore, these suits have been accompanied by a pauper application.  In the instant suit, Castillo's pauper status was revoked as Castillo was found to have hid evidence from the Court.  Since Castillo clearly has assets available to him to satisfy an award of attorneys' fees and sanctions, this Court should enter such an award against Castillo to "partially repay the public dollars his conduct has caused to be wasted and to

---

[1] Plaintiff failed to file an opposition to either motion.

send the message to him that the courts are not a weapon for him to employ to punish public officials who are only doing their jobs."

In support of their motion for attorneys fees and sanctions, Defendants represent that Castillo was put on notice during the earliest stages of this lawsuit that attorneys' fees would be sought from him.  Counsel for the Kenner Defendants sent correspondence to Castillo pointing out that his claim was time barred shortly after the complaint was served on Defendants.  This correspondence called on Castillo to dismiss his lawsuit and advised him that failure to do so could subject him to sanctions under Federal Rules of Civil Procedure 11, 42 U.S.C. 1988, and 28 U.S.C. 1927.  Castillo, however, opted to pursue his claims.

Because the Kenner Defendants successfully obtained a dismissal of Castillo's Section 1983 claims against them, Defendants state that they are prevailing parties who are entitled to bring a claim for attorneys' fees under 42 U.S.C. 1988.  Additionally, the Court should award sanctions against Castillo under Rule 11 as Castillo's original complaint and his original Section 1915 affidavit requesting pauper status clearly bear his signature.

The Kenner Defendants also ask this Court to reduce whatever award it makes to judgment.  Defendants have attached copies of the bills and time reports evidencing the attorneys' fees and costs they have incurred in the defense of this claim.  They request an award of fees from August 16, 2007, the date that

5

Castillo received a copy of the letter informing him that his claim was prescribed and putting him on notice that sanctions would be sought from him if he did not voluntarily dismiss the claim. Attorneys' fees after this date amount to $11,169, which, combined with costs of $1,442.92, total $12,611.92.

## **Discussion**

Rule 11 requires that every pleading, written motion, or other paper filed in Federal District Court "shall be signed by a least one attorney of record or by the party if the party is not represented by an attorney. Fed. R. Civ. P. 11. By signing the pleading or by later advocating the already signed and filed pleading, the attorney or the unrepresented party represents to the Court, among other things, that:

> (1)  [the pleading] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2)  the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3)  the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Id.

Once a court finds that a litigant has violated Rule 11, the court has discretion to impose an appropriate sanction. See Fed. R. Civ. P. 11(c). The purpose of sanctions under Rule 11 is to deter rather than to compensate. See Fed. R. Civ. P. 11 Adv. Comm. Notes. Accordingly, "the sanction imposed should be the

'least severe sanction' adequate to deter future violations of Rule 11." <u>Delor v. Intercosmos Media Group, Inc.</u>, 2006 WL 435997, *2 (E.D. La. January 13, 2006).  Sanctions may comprise "some or all of the reasonable attorney's fees and other expenses incurred as a direct result of the Rule 11 violation."  <u>Id.</u>  However, the amount of fees awarded as a Rule 11 sanction is limited to expenses actually and directly caused by the filing of the pleading found to violate Rule 11.  <u>Id.</u>

In determining whether to impose a sanction, the court should consider:

> [w]hether the improper conduct was willful, or negligent; whether it was a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law; what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; what amount is needed to deter similar activity by other litigants.

<u>Id.</u>  Furthermore, Castillo's *pro se* status does not enter into this Court's decision whether or not to award sanctions.  <u>Delor v. Intercosmos Media Group, Inc.</u>, No. 04-3262, 2006 WL 435997 (E.D. La. Jan. 13, 2006).

In the instant case, Castillo sought three times to submit documentation to this Court that contained false information. Following Judge Wilkinson's rescinding of Castillo's pauper status, Castillo filed a Motion for Leave to file an Amended Petition and Pauper Application, submitting a second pauper application and documentation of his alleged poverty.  When Judge

Wilkinson denied this second attempt, Castillo filed yet another pauper application and documentation of his poverty, in fact, the same documentation submitted with his Motion for Leave to file an Amended Petition and Pauper Application, which was denied by Judge Wilkinson.

In sum, by falsely representing his financial circumstances to this Court and by pursuing a claim that was clearly prescribed even after he was notified of this fact, Castillo has opened himself up to appropriate sanctions.

Defendants request an award of fees from August 16, 2007, the date that Castillo received a copy of the letter informing him that his claim was prescribed and putting him on notice that sanctions would be sought from him if he did not voluntarily dismiss the claim.  Attorneys' fees after this date amount to $11,169, which along with costs of $1,442.92, total $12,611.92.  The Court finds that this is an appropriate sanction, which represents a portion of the Kenner Defendants' reasonable attorneys' fees and costs incurred, and is warranted to deter future misconduct by Castillo.  Accordingly,

**IT IS ORDERED** that the Kenner Defendants' **Motion for Sanctions (Rec. Doc. 39)** should be and hereby is **GRANTED**; the Kenner Defendants are to be awarded attorneys fees and costs in the amount of $12,611.92.

**IT IS FURTHER ORDERED** that Vincent Mark Castillo is not to file any lawsuit against the City of Kenner or against any of its officials or employees for any cause of action arising out of any

official act of said official or employee until such time as Castillo has paid the $12,611.92 award to the Kenner Defendants.

**IT IS FURTHER ORDERED** that the Clerk of Court will not accept any future initial pleading from Vincent Mark Castillo unless the pleading is accompanied by advance written permission of a district judge of this court granting him leave to file the pleading.

A motion for reconsideration of this order based on the appropriate Federal Rule of Civil Procedure, if any, must be filed within thirty days. The motion must be accompanied by an opposition memorandum to the original motion. Because such a motion would not have been necessary had a timely opposition memorandum been filed, the costs incurred in connection with the motion, including attorney's fees, may be assessed against the party moving for reconsideration. See Fed. R. Civ. P. 16.

New Orleans, Louisiana, this 20th day of December, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE