UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VINCENT MARK CASTILLO                    CIVIL ACTION

VERSUS                                   NO: 07-3386

KATHLEEN BABINEAUX BLANCO,               SECTION: J
ET AL

## ORDER

Before the Court are Plaintiff Vincent Mark Castillo's
**Motion to Vacate Judicial Sale (Rec. Doc. 91)** and Intervenor Lea
Annette Fink's **Motion to Vacate Judicial Sale (Rec. Doc. 92)**.
Also before the Court is Castillo and Fink's **Objection (Rec. Doc.
89)** to the Kenner Defendants' Motion for Authorization of
Judicial Sale (Rec. Doc. 76).  The Court has considered the
record, the memoranda of counsel, and the applicable law, and
finds that Castillo's and Fink's motions should be denied for the
reasons asserted in the Kenner Defendants' Opposition (Rec. Doc.
94).

As explained in the Kenner Defendants' briefing, Castillo's
and Fink's Motions to Vacate make demonstrably false assertions
regarding whether and when Castillo was advised of the appraisal

of the seized vehicle at issue in this case. Specifically, the Kenner Defendants have presented documentary evidence proving that Castillo received notice of the appraisal, as well as an invitation to appoint his own appraiser, by email on January 26, 2009 - more than a full month before the March 4, 2009 appraisal and almost three months before the April 9, 2009 appraisal. Furthermore, the Kenner Defendants note the return of service (Rec. Doc. 82) of a Notice to Appoint Appraiser that was served on Castillo before the April 9, 2009 appraisal. As such, Castillo's assertions that he had no notice of the appraisals are blatant misstatements of fact.

Likewise, the Kenner Defendants starkly refute Castillo's claim that he and Fink were not allowed to view the seized vehicle during the public viewing period of April 20-22, 2009, as advertised in the Times Picayune. The Kenner Defendants present the affidavit of Wanda Nichols, office manager for the towing company in whose possession the vehicle was held for viewing, which indicates that Castillo and Fink did not request access to the vehicle until 4:00 p.m. on April 23, 2009 - which was beyond the public viewing period and *51/2 hours after the sale had already occurred*. Likewise, counsel for the Kenner Defendants avers that he was present at the auction, and Castillo and Fink never appeared and did not bid. Based on this unrefuted evidence, it is apparent that Castillo and Fink misled the Court

when they alleged that they were not allowed to view the vehicle during the public viewing period.  Accordingly,

**IT IS ORDERED** that Castillo's **Motion to Vacate Judicial Sale (Rec. Doc. 91),** Fink's **Motion to Vacate Judicial Sale (Rec. Doc. 92)**, and Castillo and Fink's **Objections (Rec. Doc. 89**) are hereby **DENIED AND OVERRULED.**

New Orleans, Louisiana this 23rd day of June, 2009.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE